UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.  1:15-CR-26-HAB |
| | ) | (1:22-CV-0040) |
| | ) | |
| CAMARI STINSON | ) | |

**OPINION AND ORDER**

On July 25, 2019, the Court sentenced Defendant, Camari Stinson ("Stinson"), to a term of 123 months' imprisonment and 3 years of supervised release following his guilty plea to a three-count indictment for drug trafficking offenses and carrying a firearm during and in relation to a drug trafficking crime. The sentence imposed included a 63-month sentence on Counts 1 and 2 (the drug counts) followed by a consecutive 60-month sentence for Count 3 (the gun count). In calculating the Defendant's advisory guidelines range, the Probation Officer preparing the Defendant's presentence investigation report (PSR) applied a two-level enhancement under U.S.S.G. §2K2.1(b)(4)(A) because the firearm seized from Stinson's glove box was stolen. Defendant did not object to this enhancement at the time of sentencing but objected to it in his response to his appellate counsel's *Anders* brief in Cause No. 19-2544. Stinson asserted that while his appeal was pending, he received a letter from the ATF telling him he had an ownership interest in the seized firearm and thus he claimed this was new evidence that the firearm was not stolen. The Seventh Circuit dismissed his appeal. But the court noted that his guidelines objection and his assertion that he received ineffective assistance of counsel were best raised in a petition under 28 U.S.C. §2255 since they relied on evidence outside the record. (ECF No. 201 at 7).

And so here we are. Stinson moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence because he believes he was improperly assessed a two point guidelines

enhancement for possession of a stolen firearm. (ECF No. 208 and 209).[1] For the following reasons, his petition will be DENIED.

**DISCUSSION**

Postconviction sentences may be changed if the sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law ...." 28 U.S.C. § 2255(a). "[N]ot every error is corrigible in a post-conviction proceeding, even if the error is not harmless." *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013). Indeed, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)). This is because a § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. Moreover, errors in calculating the advisory sentencing guideline range generally may not be corrected in a § 2255 proceeding. *Hawkins,* 706 F.3d at 823; *Coleman,* 763 F.3d at 708 (recognizing that *Hawkins* is "the law of this circuit").

Stinson's sole challenge under §2255 is to the application of the sentencing enhancement and the calculation of his advisory guidelines range. Extrapolated further, his claim is that the court

---

[1] Because Stinson also raised an ineffective assistance of counsel claim on appeal and the Seventh Circuit instructed that this issue could be raised collaterally, the Court provided Stinson with an opportunity to amend his request to assert all claims he wished to bring in a collateral attack. (ECF No. 207). The Court advised Stinson: "In light of the serious consequences that filing a motion to correct sentence under 28 U.S.C. § 2255, and specifically the general prohibition against subsequent or successive motions, this Court will provide Defendant the opportunity to amend his request so that it contains all the § 2255 claims he believes he has or, if he chooses, to withdraw the request." Stinson filed an amended petition raising only the issue of the two-level enhancement. (ECF No. 209). He did not assert that counsel was ineffective for failing to raise the issue at sentencing.

miscalculated the advisory guidelines range and *might* have given a lower sentence had it not miscalculated it. But as the Government points out, "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d 915, 916 (7th Cir. 2013).[2] This is because post-*Booker,* sentences are imposed based on combined considerations from the advisory Guidelines and the appropriate §3553(a) factors.

Further, "an error that may have occurred in calculating the Guidelines range does not constitute a "miscarriage of justice" when the "sentence is well below the ceiling imposed by Congress." *Coleman*, 763 F.3d at 708 (citing *Hawkins*, 706 F.3d at 824–25). That was the case here. Stinson faced a statutory maximum of 10 years on Count 1; 20 years on Count 2; and life on Count 3. He received 63 months' imprisonment on Counts 1 and 2 and 60 months on Count 3. Stinson's sentence was well below the ceiling imposed by Congress for his offenses. On this basis alone, his petition must be denied.

That said, the Government has also submitted documentation showing that the seized firearm, a Smith & Wesson, SD40VE pistol SN HEA5965 was, in fact, reported stolen. (ECF No. 215). While the Government acknowledges that Stinson received a letter from the ATF in June 2021 notifying him of his interest in the Smith & Wesson firearm, the Government has also provided a copy of a second letter, dated February 11, 2022, sent to Stinson from the ATF explaining that this was an error. (*Id.* at 6). The enhancement under U.S.S.G. §2K2.1(b)(4)(A) was therefore appropriately applied.

### Certificate of Appealability

---

[2] This 7th Circuit opinion was a supplement to the original panel opinion reported in the case at 706 F.3d 820.

3

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Stinson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

## **CONCLUSION**

For the reasons discussed, the Court DENIES Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF Nos. 208, 209) and DECLINES to issue a certificate of appealability.

SO ORDERED on August 18, 2022.

> *s/ Holly A. Brady*
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT